**In re ADOPTION OF A MINOR.**

No. 10940.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 13, 1951.

Decided Jan. 3, 1952.

Mr. Arthur L. Willcher, Washington, D. C., with whom Messrs. W. Edwin Cumberland and Donald Cefaratti, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Richard H. Love, Washington, D. C., for appellee.

Before EDGERTON, BAZELON and FAHY, Circuit Judges.

FAHY, Circuit Judge.

After a hearing participated in by all parties entitled to do so, and after considering the reports of the Board of Public Welfare and of the guardian *ad litem,* the District Court granted a petition for the adoption of an infant girl born in 1941. The adopting petitioner is now the husband of the natural mother of the child, who was born to her and her former husband. The mother consents to the adoption but her former husband, the child's natural father, does not, and appeals from the adoption decree.

Where the natural father of a child born in wedlock, as in the present case, does not consent, the situation is governed by § 16–202, D.C.Code (1940), reading in pertinent part as follows:

"If adoptee is under twenty-one years of age, no decree of adoption shall be made unless the court shall find that the following persons have consented to the adoption: * * * the natural parents * * * if living. * * *

"The consent of a natural parent, or parents * * * may be dispensed with (1) where after such notice as the court shall direct it shall appear to the court that such person or persons can not be located; (2) where they have been permanently deprived of custody of the adoptee by court order; (3) where it shall appear to the court that they have abandoned the adoptee and volun-

tarily failed to contribute to his or her support for a period of at least one year next preceding the date of the filing of the petition; or (4) where investigation has shown to the satisfaction of the court extraordinary cause why such consent should be dispensed with." § 16–202, D.C.Code (1940).

The district judge, deeming the protection and best interest of the adoptee to be the dominant purposes of the statute, in a memorandum opinion said he felt the petition should be granted. Neither this opinion, nor any separate finding or conclusion, nor the adoption decree, deals with any one of the four conditions which permit the consent of the natural father to be dispensed with. It is true the court, in denying a motion to dismiss prior to conclusion of the testimony, remarked that there might be "extraordinary cause," one of the statutory grounds, why such consent should be dispensed with, and said he wished to hear the testimony of the natural father and consider all the circumstances. Additional evidence was introduced thereafter, but, as we have said, no finding or ruling was made as to extraordinary cause or as to any other of the stautory grounds for dispensing with the father's consent. Accordingly the decree is not in a form or in a context of finding or ruling which gives it a requisite legal basis. We may not infer the existence of ground for dispensing with the father's consent from the fact that the court granted the adoption petition. "The existence of consents, facts 'which justify failure to secure them, and circumstances which permit their being dispensed with are part of the procedure of reaching a just judgment." In re Adoption of a Minor, 1946, 81 U.S.App.D.C. 138, 143, 155 F.2d 870, 875. Such procedure requires that the facts which justify failure to secure consent be considered and initially decided by the hearing judge. The best interest of the child, the stated basis for the decree, must be determined, in such a case as this, in relation to the statutory recognition of the natural interest of the child's father. His consent must be given, unless one of the specified reasons for dispensing therewith

appears. If the reason is that "investigation has shown to the satisfaction of the court extraordinary cause why such consent should be dispensed with," the decree should so state. The basis for this conclusion, though not necessary to be recited in the decree itself, should appear in the findings or in some other manner, such as in an opinion of the court, with adequate evidentiary support in the record. We may not make the determination in the first instance. The situation is analogous to the "familiar appellate procedure that where the correctness of the lower court's decision depends upon a determination of fact which only a jury could make but which has not been made, the appellate court cannot take the place of the jury." Securities and Exchange Comm. v. Chenery Corp., 1943, 318 U.S. 80, 88, 63 S.Ct. 454, 459, 87 L.Ed. 626. See, also, Catlett v. Chestnut, 1923, 107 Fla. 498, 146 So. 241, 91 A.L.R. 212, per curiam opinion on rehearing.

It is pointed out that consent of the natural father may be dispensed with where he has been "permanently deprived of custody of the adoptee by court order," § 16–202, D.C.Code (1940), cl. 2, 3rd para. The report of the Board of Public Welfare states that in court proceedings in Maryland in which the mother obtained a divorce from the father such deprivation occurred, with a right of visitation given to the father. But here again the problem is first to be dealt with by the district judge, and his solution must appear in the record. Dispensing with the father's consent is permissive only. It is not possible for us to say that the court used its discretion to do so on the theory that the father had been deprived by court order of the permanent custody of his child. Assuming this to have occurred, a matter we do not decide, the record gives no indication that it was for this reason the district judge, in authorizing the adoption, did not require the father to consent.

We accordingly remand the cause to the District Court for further proceedings consistent with this opinion. If the court decides in the exercise of a sound discretion that the record previously made need not be opened for further evidence, it may re-

decide the matter, making the necessary findings and including appropriate recitals in its decree; or the court, in the exercise of a like discretion, may rehear the case or reopen the record.

Remanded for proceedings consistent with this opinion.